

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,423-01

### EX PARTE MICHELLE LEE HAYES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17-0327(A) IN THE 71ST DISTRICT COURT
### FROM HARRISON COUNTY

KEEL, J. delivered the opinion of the Court in which HERVEY, RICHARDSON, WALKER, SLAUGHTER, and MCCLURE, JJ., joined. NEWELL, J., concurred. KELLER, P.J., and YEARY, J., dissented.

## O P I N I O N

Applicant pled guilty to causing serious bodily injury to a child, and the trial court deferred finding her guilty and placed her on community supervision. She was adjudicated guilty two months later and sentenced to 15 years in prison.

Applicant raises two claims in her habeas application. First, she says her guilty plea was involuntary because her attorney did not tell her that the victim had suffered no serious bodily injury ("SBI"). Second, she says her attorney was ineffective at the

adjudication stage for not offering evidence in support of a conviction for the lesser-included offense of causing bodily injury to a child. After our second remand order for additional findings, the trial court again recommends denying relief. Because the trial court's findings are faulty, we do not rely on them. *See Ex parte Reed*, 271 S.w.3d 698, 727 (Tex. Crim. App. 2008). Based on our independent review of this peculiar record, we grant relief on Applicant's involuntary plea claim; we do not address her claim of ineffective assistance of counsel at the adjudication hearing.

## I. Background

Before Applicant pled guilty, her attorney hired a medical expert, Dr. Stephen Nelson. Dr. Nelson wrote a report summarizing the victim's medical records and the injuries and conditions they documented. His report did not express an opinion about SBI. He testified by affidavit at the habeas stage that he had offered no opinion about SBI because he had not been asked for it or given its legal definition. After he was given the definition by habeas counsel, he concluded that the victim had suffered no SBI. The primary issue at habeas was whether Applicant pled guilty without knowing that Dr. Nelson believed there was no SBI. She claimed that she did; the trial court found otherwise. The secondary issue was whether she would have insisted on trial if she had known about the true state of the evidence of SBI. Given its first finding, the trial court made no finding on the record regarding the second issue.

## II. Primary Issue: What Applicant Knew Pre-Plea About Evidence of SBI

After our first, generic remand order, the trial court found that defense attorney

Kobby Warren told Applicant before her plea that Dr. Nelson did not believe the victim had suffered SBI. The finding was unsupported; Warren testified that he discussed "Dr. Nelson and his conclusions" with Applicant and that she "completely understood and agreed with every strategy and method" he used to get deferred, but he did not testify that he told Applicant that Dr. Nelson found no SBI.

Our second remand order was more specific; it asked what Warren told Applicant about the evidence of SBI before she pled guilty. This time, Warren testified that he told Applicant about Dr. Nelson's no-SBI opinion, and the trial court credited Warren's testimony. We do not defer to that finding for two reasons.

First, Dr. Nelson's testimony about the late formation of his no-SBI opinion is supported by the pre-plea report he gave Warren; it did not mention SBI. It summarized the medical records and opined, for example, that the victim "suffered a mild traumatic brain injury that resulted in a subdural hematoma" with "no evidence of injury to the brain" and that there were "residual neurological or physical deficits secondary to the above injuries[,]" but it did not say whether these were SBI.

Second, Warren evaded a related question—why didn't he ask Dr. Nelson to include his no-SBI opinion in his report? Rather than answer, he implied that Dr. Nelson did include it: "Dr. Nelson's report lists out the evidence of injury he reviewed and the severity and/or the lack thereof." "Severity" is not synonymous with the legally defined term "serious bodily injury." *See* Tex. Penal Code § 1.07(46). The report never mentioned SBI, and Warren's contrary suggestion was wrong.

Warren's false suggestion raises other questions that further undermine the trial court's credibility finding in his favor. If Warren read the report to mean there was no SBI, then why didn't he show it to the prosecution when he supposedly asked for a reduction to causing non-serious bodily injury? And why did he never admit the report into evidence? His failure to use Dr. Nelson's no-SBI opinion suggests that it did not exist before Applicant pled guilty.

We find that Warren did not tell Applicant about Dr. Nelson's no-SBI opinion.

## III. Secondary Issue: Did That Failure Make A Difference?

The record supports Applicant's claim that, but for her attorney's deficiency, she would have insisted on trial; she had a good chance of an acquittal of the SBI element, and she would have faced much less punishment without it.

## III.A. SBI Acquittal Likelihood

Our second remand order asked the trial court to identify the SBI—which it did not do—and the evidence supporting the SBI finding. The trial court cited the plea-hearing testimony of Dr. Jennifer Chandler, State's Exhibit 8, and Applicant's judicial confession. They do not support the SBI finding. Considering Applicant's judicial confession to assess its voluntariness would be circular reasoning, so we set that aside. And even if we did consider it, it would be unhelpful because it was non-specific; she did not testify about what SBI the victim suffered. That leaves Dr. Chandler's testimony and State's Exhibit 8, and they do not support the SBI finding even in general terms.

Dr. Chandler, the emergency-room physician, testified that the victim suffered a

"moderate" subdural hematoma, an injury that prompted his transfer to a Dallas hospital for a pediatric neuro-surgery evaluation. According to Dr. Chandler, that evaluation yielded an overnight observation in the ICU and no surgical intervention, and the victim was "neurologically appropriate" during his five-day hospital stay in Dallas. She did not testify whether he suffered SBI; she was not asked about it.

As for State's Exhibit 8, a collection of medical records, it apparently does not address "serious bodily injury"; the trial court found that it included diagnoses of "subdural hematoma, right frontal scalp hematoma, and moderate maxillary sinusitis" and "extensive subdural hemorrhage located interhemispheric, left tentoria and overlying the left frontal temporal convexity." Assuming these are injuries, their effects are not obvious, and we have no expert testimony establishing them as SBI. *See Garcia v. State*, 667 S.W.3d 756, 763 (Tex. Crim. App. 2023). On the contrary, every medical expert who was asked about SBI testified that no such injury was shown in these records.

### III.B. Harsher Punishment with SBI

Applicant pled guilty to an aggravated, first-degree felony but would have faced a non-aggravated, third-degree felony in the absence of SBI. *See* Tex. Penal Code § 22.04(a), (e)-(f) (defining injury-to-a-child offenses and their degrees); Tex. Code Crim. P. art. 42A.054(a)(10) (listing first-degree injury to a child); and Tex. Gov't Code § 508.145(d)(1) and (2), (f) (specifying parole eligibility for injury to a child). The punishment-range and parole-eligibility differences between what she pled to and what she likely would have faced after a trial support her claim—she would not have pled

guilty if she had known about Dr. Nelson's no-SBI opinion.

## IV. Conclusion

We grant relief. The judgment in Cause Number 17-0327X in the 71st District Court of Harrison County is set aside, and Applicant is remanded to the custody of the Sheriff of Harrison County to face the charges against her. Copies of this opinion shall be sent to the Texas Department of Criminal Justice—Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: June 26, 2024

Do Not Publish